United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30264
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME MCNEIL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-317-ALL
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jerome McNeil appeals the sentence imposed following his jury conviction for conspiracy to possess and possession of counterfeit access devices in violation of 18 U.S.C. §§ 2, 1029(a)(1) and (b)(2).  He contends that the district court plainly erred when it relied on his prior arrests to impose a sentence above the advisory guideline range.  Because McNeil did not object to the departure in the district court, this court reviews for plain error.  See United States v. Jones, 444 F.3d 430, 436 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

It is not acceptable to consider the mere fact of prior arrests in determining that the criminal history category underrepresents the seriousness of criminal activities and the likelihood that further crimes will be committed. See id. at 434, 436. However, McNeil's prior arrests were not the sole determining factor in the district court's decision to depart from the advisory guideline range. Specifically, the district court found that the loss amount set forth in the presentence report seriously underrepresented the total amount of loss or fraud attributable to McNeil. Further, the district court expressly stated that it intended to sentence McNeil to the same term of imprisonment as his co-conspirator.

Finally, the district court could have imposed the same sentence on remand because the 48-month sentence was not unreasonable. See Jones, 444 F.3d at 441. The sentence did not exceed the 60- and 120-month statutory maximums and exceeded the 30- to 37-month advisory guideline range by only 11 months. See § 1029(a)(1), (b)(2), (c)(1)(A)(i). Further, the district court's reasons for imposing the sentence reflect that it considered the 18 U.S.C. § 3553(a) factors, including the nature and seriousness of the offense, the need for punishment, deterrence, and protection from future crimes, and the need to avoid sentencing disparities. Accordingly, McNeil has failed to establish plain error, and the district court's judgment is AFFIRMED.